**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LINDA SCHIELE,**

                        **Plaintiff,**

            v.                                   **1:07-CV-759**
                                                   **(FJS/VEB)**

**COMMISSIONER OF SOCIAL SECURITY,**

                        **Defendant.**
_____

**APPEARANCES**                               **OF COUNSEL**

**OFFICE OF PETER M. MARGOLIUS**       **PETER M. MARGOLIUS, ESQ.**
7 Howard Street
Catskill, New York 12414
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **MARGARET A. DONAGHY, ESQ.**
One Bowdoin Square
Boston, Massachusetts 02134
Attorneys for Defendant

**SCULLIN, Senior Judge**

**ORDER**

In a Report and Recommendation dated July 23, 2009, Magistrate Judge Bianchini recommended that this Court affirm the Commissioner's decision and dismiss the complaint. *See* Dkt. No. 12. Plaintiff filed objections to those recommendations. *See* Dkt. No. 13.

Plaintiff's objections concern Magistrate Judge Bianchini's finding that the Appeals Council was correct not to remand the case based on new evidence that Plaintiff had submitted.[1]

When reviewing the Commissioner's final decision, a court must determine whether the Administrative Law Judge ("ALJ") applied the correct legal standards and whether substantial evidence supports his decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).

A three-part test governs analysis of whether newly submitted evidence forms a basis to remand. To warrant remand, a plaintiff is required to show that the newly submitted evidence is truly new and material; furthermore, she must demonstrate that there was good cause for her failure to submit it earlier. *See* 42 U.S.C. § 405(g); *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (citations omitted); *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (citations omitted).

Evidence is considered to be new where it is "'not merely cumulative of what is already in the record[.]'" *Tirado* 842 F.2d at 597 (quoting *Szubak v. Secretary of Health & Human Servs.*, 745

---

[1] Plaintiff also objected to Magistrate Judge Bianchini's finding regarding the date that Plaintiff began treating with Dr. Vahe Keukjian. *See* Dkt. No. 13 at 2. Plaintiff contends that she began treatment with Dr. Keukjian in September of 2003, not December of 2003, as the ALJ found. Even assuming *arguendo* that Plaintiff began treatment with Dr. Keukjian at the earlier date, this still places Dr. Keukjian's treatment of Plaintiff well after Plaintiff's December 31, 2001 date last insured and it does not enhance the relevance of Dr. Keukjian's opinion. Accordingly, the Court finds that this objection is without merit.

F.2d 831, 833 (3d Cir. 1984)).

Evidence is considered to be material where it is "'both relevant to the claimant's condition during the time period for which benefits were denied and probative,' and also presents 'a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently.'" *Fox v. Barnhart*, 137 Fed. Appx. 395, 396, 2005 WL 1403289, *1 (2d Cir. 2005) (quoting *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991)).

"'Good cause' for failing to present evidence in a prior proceeding exists where . . . the evidence surfaces after the Secretary's final decision and the claimant could not have obtained the evidence during the pendency of that proceeding." *Lisa*, 940 F.2d at 44 (citations omitted).

In this case, Plaintiff submitted two letters regarding her medical condition: one from her treating physician, Dr. Vahe Keukjian, and one from her former work supervisor, Ms. Rita Bates-Murphy.  Plaintiff submitted these letters to the Appeals Council after her administrative hearing on April 28, 2006, and asserted that the letters provided a basis for changing the ALJ's decision. Magistrate Judge Bianchini disagreed, finding that the Appeals Council had not erred when it denied Plaintiff's request for review of the ALJ's decision.

### A.     Letter of Dr. Vahe Keukjian

In his letter, dated October 23, 2006, Dr. Keukjian provided his opinion about what Plaintiff's condition was years before he treated Plaintiff.  He averred, in pertinent part, that Plaintiff's condition began in the mid-to-late-1990s and that, by 2000, Plaintiff had begun to experience limitations from her diabetic condition.

The ALJ followed the correct legal standard when he gave Dr. Keukjian's opinion controlling weight "in assessing the claimant's condition as of April 5, 2005, but little or no weight in assessing the claimant's condition as of December 31, 2001." *See* Administrative Record ("AR") at 12.

This letter does not present a reasonable basis for the ALJ to change his opinion. Although Dr. Keukjian did not begin to treat Plaintiff until 2003, he offered his opinion about Plaintiff's medical condition from the mid-1990s until 2000 -- a period of time that predated his treating relationship with Plaintiff. *See* AR at 77-79, 85-87, 123. Moreover, as Magistrate Judge Bianchini found, there was no objective medical evidence in the record to support Dr. Keukjian's opinion regarding Plaintiff's condition during this time period. In the absence of such evidence, Dr. Keukjian's letter was speculative and, therefore, would not serve as a basis for the ALJ to change his opinion.

Furthermore, even if the Court were to assume that Dr. Keukjian's letter contained new facts, it was not material due to its speculative nature; and Plaintiff did not even attempt to show good cause why she had not submitted the letter during the pendency of the administrative process. Consequently, the Court concludes that Dr. Keukjian's October 23, 2006 letter does not provide a basis for remand.

**B.     Letter of Ms. Rita Bates-Murphy**

In her letter dated February 18, 2008, Ms. Bates-Murphy discussed the symptoms that she had observed Plaintiff exhibit when they worked together from 1986 until 1996. *See* Dkt. No. 8, Letter attached thereto. Specifically, she stated that Plaintiff had difficulty grasping objects, had a

-4-

reduced ability to concentrate, and experienced intense pain, sometimes to the point of tears. *See id*. Ms. Bates-Murphy indicated that the pain that Plaintiff experienced drove Plaintiff to leave her job. *See id.*

Magistrate Judge Bianchini found that this letter was, in fact, new and not merely cumulative of evidence already in the record. *See* Dkt. No. 12 at 11. However, he determined that this new evidence was not enough for the Commissioner to have reached a different decision. *See id.* Magistrate Judge Bianchini reasoned that, without medical evidence in the record to substantiate Ms. Bates-Murphy's letter relative to the relevant period, the letter alone was not material. *See id*. Finally, Magistrate Judge Bianchini noted that "Plaintiff ha[d] not made any attempt to satisfy the good cause standard." *See id.* at 12. He also reasoned that, because the letter addressed matters that occurred years before the Commissioner's final decision, Plaintiff could have obtained this evidence earlier. *See id*. Therefore, Magistrate Judge Bianchini concluded that remand on the basis of Ms. Bates-Murphy's letter was not warranted because the letter failed the second and third prongs of the remand test. *See id*. at 12-13. The Court agrees and finds that Ms. Bates-Murphy's letter is insufficient to warrant a remand.

Accordingly, after carefully considering Magistrate Judge Bianchini's Report and Recommendation, Plaintiff's objections thereto, as well as the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's July 23, 2009 Report and Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

     **ORDERS** that the Commissioner's decision is **AFFIRMED**, and Plaintiff's complaint is

**DISMISSED**; and the Court further

     **ORDERS** that the Clerk of the Court shall enter judgment for Defendant and close this case.

**IT IS SO ORDERED.**

Dated: September 28, 2010
       Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Senior United States District Court Judge